# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| In the Matter of the Search of<br><br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>LG TRIBUTE, CELLULAR TELEPHONE ASSIGNED CALL NUMBER<br>(225) 747-3296, WITH IMEI 359907101248659 (DEVICE 1) AND<br>SAMSUNG GALAXY, CELLULAR TELEPHONE MODEL SM-A2050,<br>ASSIGNED CALL NUMBER (214) 643- 9992, WITH IMEI<br>355370101732251 (DEVICE 2) | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 20-mj- 58 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

DEVICE 1, IMEI 359907101248659, and DEVICE 2, IMEI 355370101732251, currently in storage at the FBI Baton Rouge Resident Agency, 18134 East Petroleum Drive, Baton Rouge, Louisiana,

located in the _____ Middle _____ District of _____ Louisiana _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Records, information, and evidence that relate to violations of of 21 U.S.C. § 841(a)(1)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of controlled substances |
| 21 U.S.C. § 846 | Conspiracy to distribute controlled substances |

The application is based on these facts:
  SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Ryan Anthony Marten, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone conference _____ *(specify reliable electronic means).*

Date: 08/05/2020

_____
*Judge's signature*

City and state: Baton Rouge, Louisiana

Richard L. Bourgeois, Jr., Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF LG TRIBUTE, CELLULAR TELEPHONE ASSIGNED CALL NUMBER (225) 747-3296, WITH IMEI 359907101248659 **(DEVICE 1)** AND SAMSUNG GALAXY, CELLULAR TELEPHONE MODEL SM-A2050, ASSIGNED CALL NUMBER (214) 643- 9992, WITH IMEI 355370101732251 **(DEVICE 2)** | Magistrate No. 20-mj- 58 <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Ryan Anthony Marten, being first duly sworn, hereby depose and state as follows:

I.    **INTRODUCTION AND AGENT BACKGROUND**

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.    I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since September 2019. I am currently assigned to the FBI New Orleans Field Office at the Baton Rouge Resident Agency in Louisiana. Currently, I am working on the New Orleans Capitol Area Gang Task Force investigating gangs, drugs, robberies, and other violent crimes in the Baton Rouge area. I have conducted investigations of, among other offenses, various drug distribution offenses in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846. As part of these investigations, I have conducted and participated in consensual monitoring and physical

surveillance, surveillance of confidential informants, the introduction of confidential informants, debriefings of cooperating sources, and reviews of taped conversations. I have also participated in wiretap investigations, which involved the interception of wire and electronic messages and conversations.

3.    As a Special Agent, I have received on the job training concerning major drug smuggling and distribution organizations while working with federal, state, and local law enforcement agencies. I have spent multiple hours conducting surveillance of individuals involved in the distribution of controlled substances. I have interviewed many of these individuals regarding their methods of operation and have conducted many hours of follow-up investigation on these individuals and organizations. As a result of these experiences, I have become familiar with the day to day operations of large-scale smuggling and distribution organizations.

4.    Based on my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs. In addition, I have conducted follow-up investigations concerning the concealment of assets, money, and bank records, and the identification of conspirators through the use of ledgers, telephone bills and records, photographs, and bank checks, all as related to drug trafficking.

5.    I am also familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing drugs; their use of cellular telephones; and their use of numerical codes and code words to conduct their transactions.

The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.    IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6.    **DEVICE 1** has the assigned call number **(225) 747-3296**, with IMEI 359907101248659 and was recovered from Rodolfo Giles Adame, date of birth April 17, 1971. **DEVICE 2** has the assigned call number **(214) 643-9992**, with IMEI 355370101732251 and was recovered from Jose Ismael Rivera, date of birth December 21, 1988. Adame and Rivera reside at 8206 Susie Circle East, Denham Springs, Louisiana 70726. The **DEVICES** described herein and in Attachment A, and the location information, among other information, to be seized is described herein and in Attachment B. **DEVICES 1** and **2** are currently in storage at the FBI Baton Rouge Resident Agency, 18134 East Petroleum Drive, Baton Rouge, Louisiana.

7.    The applied-for warrant would authorize the forensic examination of the **DEVICES** for the purpose of identifying electronically stored data particularly described in Attachment B.

### A.  Background Investigation

8.    The United States is investigating the narcotics trafficking activities of Guzman, as well as her known and unknown conspirators. The investigation into Guzman began as a spin-off from an earlier investigation.

9.    In 2017 and 2018, the FBI Capital Area Gang Task Force conducted an

investigation into the drug trafficking activities of the Gulf Cartel and its representative that was utilizing Baton Rouge to facilitate the trafficking of heroin and cocaine nationwide.[1]  During this investigation, it was learned through the Confidential Informant ("CI")[2] that Guzman was a part of the aforementioned organization but operated primarily from Texas. The CI conducted a consensually monitored telephone call with Guzman, in which they discussed the purchase of methamphetamine.  In 2017, the CI also met with Guzman in person and discussed the purchase of ten kilograms of cocaine.

10.    In 2019, the FBI Capital Area Gang Task Force opened an investigation on Guzman. Based on source reporting, surveillance and telephone toll analysis of Guzman's known telephones, Guzman has grown her drug distribution network and is reported to be trafficking narcotics for the Gulf Cartel and a Colombian Drug Trafficking Organization based out of Houston, Texas. It is your Affiant's understanding that Guzman is looking to relocate her base of operations to Baton Rouge, Louisiana and currently distributes narcotics to the Baton Rouge area. Guzman operates and controls a large network of narcotics traffickers that are mostly comprised of her family and Colombian representatives. Guzman's network distributes kilogram quantities of narcotics throughout the southeastern United States, primarily from Texas to Georgia, including Baton Rouge, Louisiana. Guzman personally transports bulk drug shipments hidden in vehicles in which she travels with her daughter, Darlene Rodriguez, and Rodriquez's children, as a cover to thwart detection from law enforcement. Guzman also has been known to

---

[1] This investigation resulted in the conviction of the cartel's representative, Jaime Gabriel Pena and the seizure of over twenty kilos of cocaine.

[2] The CI is a reliable informant who has been working with the FBI since 2017.  CI has conducted controlled drug purchases and provided information that resulted in drug seizures, arrests and the convictions for drug-related crimes. The CI's criminal history consists of an assault arrest in 1996.

utilize a multiple vehicle caravan with narcotics being contained within one of the vehicles to distribute narcotics.

## III.    PROBABLE CAUSE

11.    In March of 2020, Adame was identified as an associate of Guzman through phone records. Based on toll records, they have been communicating with each other telephonically for at least the last several months. Adame works at Ideal Market, located at 1817 S. Sherwood Forest in Baton Rouge, a business Guzman is known to frequent when in the area. Rivera is a known associate of Adame, who also lives with him.

12.    On July 23, 2020, at the direction of law enforcement, the CI conducted a consensually monitored phone call with Guzman at (737) 881-4304. During the phone call, the Guzman agreed to sell the CI kilogram quantities of heroin. She arranged to deliver the heroin to the CI in Baton Rouge, Louisiana. During the time of this phone call, the location information for phone number (737) 881-4304 showed it to be at Guzman's residence, 2401 Holsten Hill Drive, Pflugerville, Texas 78660. Rodriguez, Guzman's daughter, lives at this residence as well. Guzman's 2016 GMC Sierra Denali[3] was observed at the residence at this time.

13.    On August 1, 2020, Guzman called the CI on the consensually monitored cell phone to inform the CI the heroin would be delivered on August 2, 2020. The CI relayed this information to the FBI.

14.    Based on the CI's information and location information from Guzman's cell phone ping, the FBI established physical surveillance of the Denali at 8:28 a.m. on August 2, 2020. Shortly thereafter, Rodriguez informed the CI that she was awaiting rendezvous with the

---

[3]    Guzman has been seen driving this vehicle on multiple occasions in Baton Rouge and is commonly accompanied by Rodriguez.

drug couriers before she could meet. It my belief based on my training and experience, that Rodriguez communicated with the drug couriers, Adame and Rivera, via phone to arrange the rendezvous. At approximately 1150 a.m., a 2015 blue Toyota Corolla (driven by Adame and Rivera was the passenger) and the Denali (driven by Rodriguez) proceeded to 8522 Abertay Avenue, Baton Rouge, LA 70820 ("THE RESIDENCE") to meet the CI. THE RESIDENCE had been wired by an FBI Tech Agent to record audio and video surveillance. Per video surveillance, the Corolla entered the garage of THE RESIDENCE. After entering the garage, Adame and Rivera exited the vehicle and retrieved a gray five-gallon bucket from the trunk and took it inside THE RESIDENCE.

15. At approximately 12:09 p.m., law enforcement officers of the FBI, LSP and BRPD secured "THE RESIDENCE" and executed arrests of two male suspects, Rodriguez, and the CI. The two male suspects were identified as Rodolfo Giles Adame, DOB 4/17/1971, and Jose Ishmael Rivera, DOB 12/21/1988. **DEVICE 1** was found on Adame and **DEVICE 2** was found on Rivera. The grey five-gallon bucket from the Corolla contained approximately 9.5 kilograms of a substance that Agents believe to be heroin. The substance affirmatively field tested for heroin.

16. Based on the foregoing information, your Affiant is confident that **DEVICE 1** and **DEVICE 2** contains evidence of narcotics distribution. Based on the Affiant's training and experience, Affiant knows illegal drug dealers and their associates keep evidence of their narcotics distribution on their cell phones.

17. **DEVICE 1** and **DEVICE 2** are currently in storage at the FBI Baton Rouge Resident Agency, 18134 East Petroleum Drive, Baton Rouge, Louisiana where they have been stored in a manner which its contents are, to the extent material to this investigation, in

6

substantially the same state they were in when **DEVICE 1** and **DEVICE 2** first came into the possession of the Federal Bureau of Investigation on August 2, 2020.

## IV.    TECHNICAL TERMS

18.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a.    Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.    Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images.

Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address

8

so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

e. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

19.     Based on my training, experience, and research, I know that each of the **DEVICES** have capabilities that allow it to serve as a mode to access the Internet, a device which can record images and videos as a camera, a device to record location history, and a device which is capable of making wireless telephone calls as well as exchanging wireless communication via Short Message Service (SMS) and Multi-media Message Service (MMS). In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device and the commission of the crime under investigation.

## V.     ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21.      *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the

application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

23.    *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI.    CONCLUSION

24.    In consideration of the foregoing, I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **DEVICES** described in Attachment A to seek the items described in Attachment B.

## VII.    REQUEST FOR SEALING

25.    It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time.  Based upon my training and experience, I have learned that, criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other criminals as they deem appropriate, i.e., post them publicly online through the carding forums.  Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Ryan Anthony Marten
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email/PDF and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedure 4.1 and 41(d)(3) on the ___5th___ day of August, 2020.

HONORABLE RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

The property to be searched are the cellular telephones: LG TRIBUTE CELLULAR

TELEPHONE, assigned call number (225) 747-3296, IMEI 359907101248659 **(DEVICE 1)** and

SAMSUNG GALAXY CELLULAR TELEPHONE, Model: SM-A2050, assigned call number

(214) 643- 9992, IMEI 355370101732251 **(DEVICE 2)**. The DEVICES are currently located at

18134 East Petroleum Drive, Baton Rouge, Louisiana.

This warrant authorizes the forensic examination of **DEVICE 1** and **DEVICE 2**.

## ATTACHMENT B

1.      All records on **DEVICE 1** and **DEVICE 2** described in Attachment A that relate to violations of 21 U.S.C. § 841(a)(1) since March of 2020, including:

   a. Lists of others phones and persons contacted and related identifying information;

   b. Types, amounts, and process of drugs trafficked as well as dates, places and amounts of specific transactions;

   c. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information), drug customers, or drug transactions;

   d. Any information regarding the phone user's schedule or travel; and

   e. All bank records, checks, credit card bills, account information, and other financial records.

2.   All information about the location of the **DEVICES** during all times of day and night.

3.   Evidence of user attribution showing who used or owned the **DEVICES** at the time the things described in the warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

|  |  |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>LG TRIBUTE, CELLULAR TELEPHONE ASSIGNED CALL NUMBER<br>(225) 747-3296, WITH IMEI 359907101248659 (DEVICE 1) AND<br>SAMSUNG GALAXY, CELLULAR TELEPHONE MODEL SM-A2050,<br>ASSIGNED CALL NUMBER (214) 643- 9992, WITH IMEI<br>355370101732251 (DEVICE 2) | )<br>)<br>)    Case No.    20-mj- 58<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Middle_____ District of _____Louisiana_____
*(identify the person or describe the property to be searched and give its location)*:

DEVICE 1, IMEI 359907101248659, and DEVICE 2, IMEI 355370101732251, currently in storage at the FBI Baton Rouge Resident Agency, 18134 East Petroleum Drive, Baton Rouge, Louisiana.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Records, information, and evidence that relate to violations of of 21 U.S.C. § 841(a)(1)

**YOU ARE COMMANDED** to execute this warrant on or before ___8/19/2020___ *(not to exceed 14 days)*
&#10063; in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Richard L. Bourgeois, Jr._____ .
*(United States Magistrate Judge)*

&#10063; Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

&#10063; for _____ days *(not to exceed 30)*   &#10063; until, the facts justifying, the later specific date of _____ .

Date and time issued:   ___8/5/2020 at 4:00pm___

*Judge's signature*

City and state:   ___Baton Rouge, Louisiana___        ___Richard L. Bourgeois, Jr., Magistrate Judge___
                                                                                          *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    20-mj- | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

The property to be searched are the cellular telephones: LG TRIBUTE CELLULAR

TELEPHONE, assigned call number (225) 747-3296, IMEI 359907101248659 **(DEVICE 1)** and

SAMSUNG GALAXY CELLULAR TELEPHONE, Model: SM-A2050, assigned call number

(214) 643- 9992, IMEI 355370101732251 **(DEVICE 2)**. The DEVICES are currently located at

18134 East Petroleum Drive, Baton Rouge, Louisiana.

This warrant authorizes the forensic examination of **DEVICE 1** and **DEVICE 2**.

## ATTACHMENT B

1.      All records on **DEVICE 1** and **DEVICE 2** described in Attachment A that relate to violations of 21 U.S.C. § 841(a)(1) since March of 2020, including:

        a.  Lists of others phones and persons contacted and related identifying information;

        b.  Types, amounts, and process of drugs trafficked as well as dates, places and amounts of specific transactions;

        c.  Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information), drug customers, or drug transactions;

        d.  Any information regarding the phone user's schedule or travel; and

        e.  All bank records, checks, credit card bills, account information, and other financial records.

2.   All information about the location of the **DEVICES** during all times of day and night.

3.   Evidence of user attribution showing who used or owned the **DEVICES** at the time the things described in the warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.